**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 15 2023

MITCHELL R. ELFERS
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

_(To be supplied by the court)_

_____, Plaintiff

v.

David Chapin

Jessica Nason

Chubbuck, Norris, Dearon Williams, Carpenter, Gretty, Tonchie,
Mattlong, Raymond Higgins, Giles Flores,
Albrandt, Gomez, Holman, Weaver, Weaver
Darcey, Reyyes, Spain, Leon Johnson
Armstrong, Larry Spain

Blum, Pappas, Tineman, OIC Centennial, JETT Long
Cortez, OIC Sterling, OIC CSP,
Ratt, Jackson, Quilin, Vasquez,
Wallace, Petersen, Scott

_____, Defendant(s).

_(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)_

**Jury Trial requested:**
**(please check one)**
_____ Yes _____ No

---

**PRISONER COMPLAINT**

---

| **NOTICE** |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

1. page 1 of 26                    9/11/23

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Jabari Johnson #177601, P.O. Box 777, Canon City, Co, 81215

(Name, prisoner identification number, and complete mailing address)

_____

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee

____    Civilly committed detainee

____    Immigration detainee

✓    Convicted and sentenced state prisoner

____    Convicted and sentenced federal prisoner

____    Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Moses Stancil, Executive Director 1250 Academy Park loop #1400

(Name, job title, and complete mailing address)

Colorado Springs, Co, 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No *(check one)*.  Briefly explain:

Moses Stancil knowingly acted under the color of law

_____

Defendant 1 is being sued in his/her ✓ individual and/or ___ official capacity.

2 *page 2 of 26*                                    9/11/23

B.   Defendants

4. Chubbuck, C.O.
5. Norris, C.O.
6. Stein, LT
7. Pappas, Sgt
8. Thomas, C.O.
9. Leon Johnson, C.O.
10. Wallace, Capt
11. Scott, Capt
12. Ruff, Major
13. Quilin, Capt
14. Jackson Capt
15. Vasquez, LT
16. Petersen, LT
17. Koenig, LT
18. Weaver, LT
19. Weaver, LT
20. Flores, C.O.
21. Reyes C.O.
22. Carpenter C.O.
23. Hodges, C.O.
24. Albrand C.O.
25. Cromei C.O.
26. Holman, Casemanger
27. Cletty C.O.
28. Cates, C.O.
29. Tunchie C.O.
30. Armstrong C.O.
31. Larry Spain Sgt
32. Matt Long Casemanger
33. Raymond Higgins, Associate Warden
34. Dorcey, Associate Warden

Defendants 4-34 Knowingly acted under the color of law and are being sued in their individual capacity

35. Jessica Aggson, 50 Evans Blvd, Canon City, C, 81215
    Aggson acted under the color of law and is being sued in her individual capacity

4. page 4 of 26

9/11/23

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>Cruel And Unusual Punishment Claim 2 Deliberate Indifference</u>
claim 3 Retaliation For speech

    **Supporting facts:** On 11/17/22 David Chapin requested that Jabari Johnson be transferred to the Sterling Correctional facility under General population of NCF.

On 11/23/22 Jessica Aggson approved the move after Nikol Etler put a hold on the plaintiff stating MH No movement from 11/11/22

During the transfer Both Chapin and Aggson Knew the plaintiff has conflicts at sterling Correctional facility and still approved the move.

under wait list locations the transfer request states in section (conflict):
- Custody Conflict at facility: SCF General Population Medium
- Conflict at facility: SCF General population Min / Min R

~~the~~ plaintiff was placed around enemies who are actively claiming to open the door to kill and assault the plaintiff. ~~_____~~ cell 208 Trujille 207 Garcia 206 Raybol, Phillip Mellon and Speers, is open, as cell 208 continuously open and close the door and allow inmates to do so.

From 2022-2023 C.O.'s chubbuck, Norris, Stein, PAPPAS, Thomas, Leon Johnson, Capt Wallace, Carl scott, Mazer Raff, Capt Quilin, Capt Jackson, LT Vosquez, LT Petersen, LT Koenig, LT Weaver, LT Weaver, Flores, Reyes Carpentar, Hodges, Albrandt, Cromez, Albrandt, Holman Getty, Giles, Tonchie, Armstrong, Larrys rain, Chubbuck, Mattions, Raymond Higgins, Dorey Jeff Long, Dean Williams, Moses, Stancil etc. all Knew the circumstances and had been told on numerous occasions of Plaintiffs safety issues due to C.O's retaliation Using defamating Plaintiffs character to other inmates stating Jabari Johnson. is a child molester. indicating that is the reason Jabari is in Prison attempting to have Plaintiff killed because he is Suing Doc, yet they failed to act. staff were notified by attorneys Easha Anand, Kathrina Szymbaski, John Salzillo also Provided valid Proof of witness statement etc. still they refused to provide safety see Exhibits:
Exhibit 1: Easha Anand, 4/19/22 says indicating that she sent a message to Warden Jeff Long regarding safety issues.
Exhibit 2: Easha Anand 4/19/22 says requests interstate compact to Adrienne Sanchez ~~_____~~ and Holman due to safety issues.
Exhibit 3: John Salzillo 9/28/22 says notifies Executive Director Dean Williams, Adrienne Sanchez, Mazer Dorey and Holman of safety issues Providing adequate Proof of Jeb Fox's statement
Exhibit 4 John Salzillo 10/3/22 says indicate they've interacted with SCF and Provided info that inmate McGuthe claimed Plaintiff was a rat while on the Phone with his mother etc. and that Jabari isn't safe in general population.
Exhibit 5 John Salzillo 11/1/22 says he sends Katherina Szymboski's letter to Plaintiff requesting interstate compact due to safety issues.

5. page 5 of 26                                    9/11/23

Defendant 2:  _Dean Williams, ( Prior Executive Director) 1250 Academy Park lap #1400_
(Name, job title, and complete mailing address)

_Colorado Springs, Co, 80910_

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  _/_ Yes ___ No (*check one*).  Briefly explain:

_Williams Acted Under the Color of law_

_____

Defendant 2 is being sued in his/her _✓_ individual and/or ___ official capacity.

Defendant 3:  _David Chapin, 50 Evans Blvd, Canon City, Co, 81215_
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  _✓_ Yes ___ No (*check one*).  Briefly explain:

_Chapin Knewingly acted under Color of law_

_____

Defendant 3 is being sued in his/her _✓_ individual and/or ___ official capacity.


## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_✓_   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
(federal defendants)

___   Other: (*please identify*) _____

Exhibit 6 John Jatzillo's 3 page 10/6/22 statment indicating Leon Johnson has full knowledge of safety issues by inmates etc to plaintiff

Exhibit 7 Justin Shull inmate witness states C.O.'s are aiding inmates to kill Plaintiff

Exhibit 8 5/21/19 Plaintiff had to beat up Robert Whitles as stuff attempted to have plaintiff killed due to lawsuits.

Exhibit 9: 11/19/19 Acre goast staff Eric Gilbert signed acknowledging the threat

Exhibit 10: 9/7/22 2pages pt Jeb Fox statments of stuff attemphing to kill Johan Johnson using inmates

Exhibit 11 Kathrina Szymborski backround 3pages

Exhibit 12 Easha Anand backround 1page

OICI Bertere, OIC Centenial, OICI CSP, OIC SCF all have full knowledge

6 · page 6 of 26                    9/11/23

### E.     PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                  _____

Docket number and court:               _____

Claims raised:                                    _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   _____

Reasons for dismissal, if dismissed:    _____

Result on appeal, if appealed:            _____


### F.     ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_____ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_____ Yes ___ No (*check one*)

9/11/23

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Requesting 5 million each from all defendants for both punitive and compensatory damages

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

9/11/23
_____
(Date)

(Revised February 2022)

8 page 8 of 26                         9/11/23

**You have received a jpay letter, the fastest way to get mail**

From : Easha Anand,  CustomerID: 26127319
To   : JABARI JOHNSON, ID: 177601
Date : 4/19/2022 6:36:05 PM EST,   Letter ID: 1470843879
Location : SF
Housing : SU B   1    107   1S

Jabari, I hope you are staying as safe as possible. I wanted to write with a few updates:

1) I have a legal call scheduled for 4/21 (Thursday) at noon and will look forward to checking in then.

2) At your mother's request, I sent a message to Jeff Long, the Sterling Correctional Facility warden, regarding the threats against your life. During our Thursday meeting, we can talk about any additional detail I should share with the warden, and I can also send the message along to the general counsel, who may be able to push matters along to get you into protective custody.

Here's what I wrote:

Warden Long, I hope this message finds you well. I represent Jabari Johnson, a prisoner at Sterling Correctional Facility, inmate #177601, in a Tenth Circuit appeal (case number 21-1371).

I received some very worrying information from Mr. Johnson's mother this weekend. She is concerned for his safety. As she understands it, a prisoner (last name Main, cell 201) managed to unlock his own cell door and was threatening Mr. Johnson. Mr. Johnson also overheard several prisoners and guards discussing a "snitch" in cell 105 (Mr. Johnson's cell number). He is concerned that he will be targeted for an attack.

I wanted to bring the issue to your attention and to ask whether protective custody for Mr. Johnson or some other measure would be appropriate to keep him safe. Thank you for your attention to this matter.

3) Sara Pielsticker responded to my message regarding the failure of Sterling to provide you with a wheelchair accommodation and Sterling's practice of using restraints during the metal detector. She asked for some more details; I can pass along anything we discuss on Thursday. Here's her email:

Thanks for bringing this to my attention. Do you know why he is having to go through this restraint process? And do you know what the process is like (i.e., is he being placed in a chair, etc.)? I will ask around to find out more information on our end.

*Exhibit*
*1*

*9. page 9 of 26*                                    *9/11/23*

**jpay Tell your friends and family to visit www.jpay.com to write letters and send money!**

C103

**You have received a jpay letter, the fastest way to get mail**

From : Easha Anand,  CustomerID: 26127319
To  : JABARI JOHNSON, ID: 177601
Date : 9/9/2022 5:54:06 PM EST,   Letter ID: 1586650073
Location : SF
Housing : SU B  1    108  1S

Dear Jabari,

I hope this message finds you as well as can be expected.

I wanted to let you know that I mailed you a package the following items:
• A Powerpoint presentation that I will be delivering to my students about the life cycle of a Supreme Court case.
• A document that discusses appeals of Rule 35(c) motions in Colorado. Because I don't practice in Colorado state courts and don't represent you in a criminal proceeding, I can't give advice about how to proceed, but I hope this resource helps.
• A copy of People v. Venzor.

Second, I wanted to share answers to your questions from our last call:
• I unfortunately will not be able to assist you with tuition for the Blackstone Career Institute. Helping you with something like that is contrary to our office's policies.
• John Salzillo, our paralegal, may be able to help you collect case law for your September 16 filing. He is available on Monday, September 12, at (202)869-3434 between 9 and 3 MDT.
• I unfortunately will not be able to talk at any length this week. In general, if you need to reach me, Fridays at 9:30 a.m. are a good time, although our calls will have to be brief and I may not be able to pick up every week.
• John will also make sure that copies of the reply brief in your case go out to the addresses that Precious mailed the opening brief to—Lessie, Klarisa, Rashid, Chelsea, Wyntel, Trinh, Jackie, Jazzmarie, Azalea, Jade, Curtis, Minitte, Jeanette, and Arlene.

Finally, I was not able to find contact information for Mr. Holman to pass along your request regarding an interstate transfer. If you're comfortable with my doing so, I can email Adrienne Sanchez, since I have her contact information, to share some of the details of the danger you're in and ask her to pass it along accordingly.

Thank you again for working with us on this case!

(moved)

Exhibit
2

1° page 10 of 26              9/11/23

(losvani)

**You have received a _jpay_ letter, the fastest way to get mail**

From : John Salzillo, CustomerID: 29955673
To : JABARI JOHNSON, ID: 177601
Date : 9/28/2022 12:39:56 PM EST, Letter ID: 1599777264
Location : SF
Housing : U6 C 1 103 1S

Hi Jabari,

This is to confirm that I sent an email to Dean Williams, Adrienne Sanchez, Major Dorcey, and Case Manager Holman at 11:10 AM EST this morning, along with the statement from Jeb Fox. I also informed them that you would like to be transferred to a facility outside of CO. I will let you know as soon as I hear back from them, and of course myself and Easha will discuss with you before we respond to these folks.

Take care,
John

*Exhibit*
*3*

*11. page 11 of 26*          *9/11/23*

**You have received a JPAY letter, the fastest way to get mail**

From : John Salzillo, CustomerID: 29955673
To  : JABARI JOHNSON, ID: 177601
Date : 10/3/2022 3:59:04 PM EST,   Letter ID: 1603545311
Location : SF
Housing : SU B  1   104  1S

Hi Jabari,

Per our earlier conversation, I relayed to Easha and several other attorneys at out firm that warden Jeff Long requested to speak with you on Thursday 9/29, and that he arrived at your cell door to speak with you and Captain Roland Jackson. You told Warden Long that you are not safe at Sterling for the reasons in Jeb Fox's statement (which I sent to CDOC staffers per your request). I told them you confirmed to Warden Long that you want to be transferred out of CO under the interstate exchange program.

I told them that you and your cell were searched on 9/29 by Sergeant Vasquez and that he removed the protective padding from your clothes. I described to them how you were physically picked up and thrown into the transport chair, and then thrown out of it when they moved you to and from the holding cell, and that you were seen by a mental health staffer while in the holding cell. I also told them about Captain Jackson and him bringing the hair clipper guard and camera.

By the time you called me this morning, I had already told everyone about the interaction you had with inmate McGuffie while you were on the phone with your mother yesterday and that he called you a snitch and a rat, and said that he claimed there's a hit out on you in the general pop yard.

Easha reached out to a colleague who works in CO and has extensive experience dealing with CDOC. We have a meeting tomorrow at 10 AM Colorado time where we will discuss strategy regarding your transfer request. I made everyone aware that it sounds like Warden Long claimed to you that he's been working on this.

Please let me know what Warden Long says to you tomorrow regarding that staff meeting he mentioned.

Take care,
John

*Exhibit 4*

*12  page 12 of 26*

*9/11/23*

**JPAY** Tell your friends and family to visit www.jpay.com to write letters and send money!

**You have received a _jpay_ letter, the fastest way to get mail**

From : John Salzillo,  CustomerID: 29955673
To   : JABARI JOHNSON, ID: 177601
Date : 11/1/2022 4:28:29 PM EST,   Letter ID: 1624225239
Location : CF
Housing : CX 1   1    15   1S

Hi Jabari,

The following message was emailed to warden Matthew Winden, CDOC Director Merideth McGrath, and CDOC Legal Coordinator Adrienne Sanchez:

Good afternoon,

We represent Jabari Johnson, #177601. Mr. Johnson was transferred to your facility, Centennial Correctional Facility, on October 7, 2022, in response to threats he was experiencing in another CDOC facility, Sterling Correctional Facility. Those included threats that other inmates were planning to "shank" him and "kill" him, as well as taunts from correctional staff, who confirmed that "the inmates might be tryin' to kill [him]."

Our concerns for Mr. Johnson's health and safety have not abated since his transfer to Centennial. He continues to experience treatment and conditions that are dangerous to both his mental and physical health. For example, as noted in recent grievances filed by Mr. Johnson, he was not fed for over 24 hours after his arrival and had only had a towel to wear for several days. And on October 19 my colleague John Salzillo overheard correctional staff harass Mr. Johnson during a phone call between Mr. Salzillo and Mr. Johnson. Mr. Johnson also indicated to us that that correctional staff at Centennial had addressed him using racial slurs and told him he would be raped and murdered in general population.

Mr. Johnson has long experienced threats to his health and safety during his incarceration in Colorado—as outlined in his many complaints against the CDOC. These concerns have not been limited to his current (or any other) facility. Rather, no matter where Mr. Johnson goes within the CDOC system, his health and safety are in jeopardy. We believe that, given this history, Mr. Johnson will never be safe within the CDOC, and his rehabilitative and re-entry needs cannot be adequately addressed within the CDOC system.

In light of all this, we've made past requests that Mr. Johnson be transferred to a facility outside of Colorado pursuant to the Interstate Corrections Compact. We believe this is the only way to guarantee Mr. Johnson's safety and address his rehabilitative and re-entry needs—which is crucial not just for Mr. Johnson, but for his community and society, writ large, once he does eventually re-enter. We now reiterate that you transfer Mr. Johnson to a facility outside of Colorado.

Are you available to discuss this request sometime this week?

Sincerely,
Kathrina Szymborski

_Exhibit_
_5_

_13. page 13 of 26_                    _9/11/23_

## AFFIDAVIT

1. My name is John Salzillo the Third. I currently live at 1709 H Street NE, Unit 2, in Washington, DC 20002.

2. I work as a paralegal for the MacArthur Justice Center, located at 501 H Street NE, Suite 275, Washington, DC 20002.

3. On Monday, October 3, 2022, I returned a call from Lessie Powell, mother of my client Jabari Johnson. She had called me at 10:56 AM EST, and I returned her call at 11:21 AM EST. When we spoke, Ms. Powell told me that during a call with Jabari on Sunday, October 2, 2022, she heard another inmate confront Jabari. Ms. Powell told me that she heard this other inmate call her son a "rat" several times, and that Jabari "shouldn't have been ratting on the [corrections officers]". Ms. Powell stated that her son had never interacted with this other inmate prior to this encounter.

4. Shortly after I spoke with Ms. Powell, I received a call from Jabari Johnson. The call came just before noon EST from 720-330-2195. During this call, Jabari detailed the 10/2 encounter where the other inmate harassed him during the phone call with his mother, Lessie Powell. Jabari added that the other inmate told him "there's a hit out on [Jabari] in the [general population] yard". Jabari corroborated the story his mother Lessie Powell told me, and he did not know until later in this call that I had already spoken with his mother that morning.

5. On Wednesday, October 5, 2022, I was at my desk at 501 H Street NE, Suite 275 when I received a call at 11:02 AM EST from my client Jabari Johnson. The call came from 720-330-2195. I answered the call and spoke with my client for eighteen minutes and eight seconds total.

*Exhibit*
*6*

*14. page 14 of 26*

*9/11/23*

6. During this 11:02 AM EST call, Jabari Johnson stated that CO Leon Johnson had taunted him on October 4, 2022 and called Jabari "the boy who cried wolf" in reference to Jabari's recent safety complaints.

7. On Wednesday, October 5, 2022, I received another call at 11:36 AM EST from my client Jabari Johnson. The call came from 720-330-2195. I answered the call and was connected to Mr. Johnson.

8. After speaking with Mr. Johnson for approximately one or two minutes, I heard someone on the other line say something quick. Mr. Johnson then asked me, in a hushed voice, if I had heard what the third voice said- I replied that I did hear it, although I didn't catch what they had said at first. Jabari later told me the third voice was Correctional Officer Leon Johnson.

9. Jabari then turned his attention to CO Leon who had approached him and interrupted our conversation. I stopped speaking so I could listen to their conversation.

10. I heard CO Leon call Jabari "paranoid". Jabari asked CO Leon if he really thought Jabari was paranoid when "y'all are trying to kill [Jabari]".

11. I heard CO Leon reply that "the inmates might be tryin' to kill ya, but not the guards".

12. Jabari then asked CO Leon why he had made certain statements to Jabari recently, such as calling Jabari "the boy who cried wolf".

13. I heard CO Leon reply that "I don't say things that will get me in trouble". He said this twice.

14. The 11:36 AM EST call timed out after six minutes and fifty-six seconds.

15. At 11:43 AM EST, Jabari called me back almost immediately after the prior one ended. I answered the call and was connected to Mr. Johnson.

15. page 15 of 26

Exhibit
6

9/14/23

16. Mr. Johnson asked me if I had heard the exchange between him and CO Leon Johnson. I confirmed that I indeed heard it. I asked Jabari who the third voice was, and he stated that it was CO Leon Johnson who had interrupted our previous call and harassed Jabari.

17. Per my asking, Jabari stated that CO Leon did not know Jabari was on a live call when he approached.


I declare, under penalty of perjury, that the foregoing is true and correct

10/06/2022

*Exhibit*
*6*

*16. page 16 of 26*

*9/11/23*

I Justin Shull #156395
witnessed the C.O's Putting
Jabari Johnson #177601 in
harms way by letting other
inmates try to kill him
or harm him in anyway
possible.
I am an X-GKI 2 weeks
ago I knew of the hit on
him by the gangs as staff
help the gang members
with equipment to pop
their doors providing them
shanks to kill Johnson.

Justin Shull #156395

9-11-22

Exhibit
7

17 page 17 of 26                    9/11/23

| 1 | | | grievances were slid under his door and originals were returned to clinical services for processing. |
|---|---|---|---|
| 1 | 05/21/2019 10:39:31 | BEELER, LESLIE | I went to Offender Johsons door to have him sign grievances and knocked on his door stating, "Johnson, I have grievances for you to sign." He began screaming at me to not come to his door agressively and yelling to just give him the copies and get away from his door. I slid the copies under his door and walked away as he still was screaming at me about a lawsuit and not to come to his door like that. Offender refused to sign step II #R-CS18/19-00148468-2, R-CS18/19-00148988-2, R-CS18/19-00148980-2and step III R-CS18/19-00147949-3, R-CS18/19-00147429-3, R-CS18/19-00147654-3 and R-CS18/19-00147656-3. Offender was given copies with blank grievances and originals were returned to the grievance coordinator for processing. |
| 1 | 05/21/2019 09:32:51 | SEIFERT, LINDSEY | REPORTABLE INCIDENT - On May 20, 2019 at approximately 8:30 a.m., offender Whitley, Robert #174558 went into Johnson, Jabari #177601 cell F-7-11 and started fighting. Offender Whitley exited cell. Both had injuries consistent with a fight. No serious bodily injury noted to either offender. No force used or necessary. Anatomicals completed. O.I.G. Investigator Cortese and the Duty Officer were notified. |
| 1 | 05/20/2019 11:44:16 | BEELER, LESLIE | Offender submitted step I Canteen, step II R-CS18/19-00151119-2 and step III R-CS18/19-00148120-3, R-CS18/19-00147657-3, and R-CS18/19-00148987-3. Logged and turned into grievance coordinator. |
| 1 | 05/17/2019 14:47:04 | BEELER, LESLIE | Offender was informed of the process to attend meaningful contacts scheduled on 05/17/2019 and that will discuss his behavior and a possible phone call on Wednesday May 15, 2019. On Friday May 17th, control staff called the offenders in day hall lower 7when Johnson is housed to ask if they wanted to meet with case manager. Offender Johnson declined the contact and when I spoke to him later he informed me that he doesnt care what anyone says, it will be in lawsuit. |
| 1 | 05/17/2019 13:54:59 | BEELER, LESLIE | Offender refused to sign grievance #R-CS18/19-00147732-3, #R-CS18/19-00151119-1, #R-CS18/19-00151320-1. Offender received copies of each and balnk grievances at his request. Originals sent to grivance coordinator. |
| 1 | 05/17/2019 11:00:23 | BEELER, LESLIE | Offender submitted Step III Grievance #R-CS 18/19-00148223-3 and step II RS 18/19-00150129-2. Logged and turned into grievance coordinator. |
| 1 | 05/17/2019 10:57:01 | BEELER, LESLIE | Offender submitted Step III Grievance #R-CS 18/19-00148982-.3. Logged and turned into grievance coordinator. |
| 1 | 05/17/2019 10:53:19 | BEELER, LESLIE | Offender submitted grievance, re; Clinical. Logged and turned into clinical services. |
| 1 | 05/16/2019 09:38:43 | BEELER, LESLIE | Offender refused to sign for R-CS18/19-00150129-1, R-CS18/19-001489787-2, R-CS18/19-00148982-2, R-CS18/19-00148223-2, R-CS18/19-00148120-2 and step III R-CS 18/19-00147197-3. He received copies and originals were given to grievance coordinator for processing. Offender received balnk grievances at his request. |
| 1 | 05/14/2019 15:30:40 | BEELER, LESLIE | Offender submitted grievance, re; Account. Logged and turned into grievance coordinator. |
| 1 | 05/13/2019 09:35:22 | SEIFERT, LINDSEY | REPORTABLE INCIDENT - On May 10, 2019 at approximately 9:20am, offender Johnson, Jabari #177601 had a scheduled court trip to Lincoln county. Offender Johnson was displaying defensive resistance while trying to prepare him for transport by thrashing around in his wheelchair. It was decided that he would be transferred from his wheelchair to a transport chair due to him not being compliant. CTU staff along with two CSP staff had to utilize strength techniques to transition him to the transport chair due to him refusing to cooperate. Once placed in the transport chair he was escorted to the transport van for transport to court. The Duty Officer was notified. |
| 1 | 05/10/2019 12:54:05 | BEELER, LESLIE | Offender submitted grievance, re; staff conduct. Logged and turned into grievance coordinator. |
| 1 | 05/09/2019 12:39:35 | BEELER, LESLIE | Offender submitted grievance, re; Clinical. Logged and turned into clinical services. |
| 1 | 05/08/2019 | BEELER, LESLIE | Offender submitted Step III Grievance #R-CS 18/19-00147729-3, R-CS18/19-00148470-2, R-CS-00148984-2R-CS18/19-00148042-3, R-CS |

*Exhibit 8*

Offenders requesting voluntary placement in protective custody will be required to provide a written statement of the need for protective custody placement.

Offenders requiring assistance with this task may receive help from their case manager or contact the Facility ADA Coordinator to request accommodations pursuant to Administrative Regulation 750-04.

Offenders written statement and list(s) will be investigated and verified by the facility intelligence officer and be provided to the Internal Classification Committee.

If you are seeking voluntary placement in protective custody, please provide a statement below to include the justification for protective custody and a list of individuals who are considered to be a threat and the reason the threat is serious enough in nature to require protective custody placement.  (use back of form if necessary)

**Justification / Need for Protective Custody** THREATS : GKI'S & BLOOD'S CRIP'S SUREÑOS NORTH SIDER'S. I UABARI JOHNJON, EXPERIENCING IMMINENT DANGER AS HE IS REFUSING TO BE HOUSED IN A POD 11/11/19 BLOOD'S; SUREÑOS NORTHSIDERS, GKI'S ;BLOOD'S CRIP P'S SOD'S STATING THEY WILL KILL ME IF ANYUNIT HE IS SENT TO IVE TO ME VOHNNY FICING LAWSUITS AS GANGMEMBERS STATE ITS SNITCHING . IVE NOTIFIED STAFF OF THESE CIRCUMSTANCES FROM 9/11/19 CURRENT DATE 9/11/19 AS I HAVE STATED ON NUMBER OCCASIONS  THAT I AM UNABLE TO LIVE IN ANY UNIT IN COLORADO DUE TO THE

I certify that the above statements are true and accurate to the best of my knowledge.  I also understand that I may be removed from protective custody based upon any assaultive, dangerous, disruptive or predatory behaviors.

S/ UABARI JOHNSON                                             11/18/19
**Offenders Name (print/signature)**                         Date

DOC EMPLOYEE

S/ Eric Bilbert                                              11-17-19
**DOC Employee Name (print/signature)**                      Date

**DO NOT ISSUE TO OFFENDER IN THEIR CELL!  OFFENDER MUST BE PLACED IN A SECURE AND PRIVATE AREA TO COMPLETE FORM.  FORM MUST BE IMMEDIATELY COLLECTED BY STAFF AND HAND DELIVERED TO THE SHIFT COMMANDER AND FACILITY INTELLIGENCE OFFICER.**

<u>Distribution</u>: Internal Classification Committee                    Attachment A
                                                                    Page 1 of 1

Exhibit
9

19 page 19 of 26                            9/14/23

Jeb Fox hereby Declares,                                    9-7-22

I am currently housed at Sterling Correctional Facility. I have been here Sience March 2022. I am Currently in 5B106. Jabari Johnson Doc#177601 is in 5B108.

On 8-5-22 I was housed in 7D202 and Mr. Johnson was in 7D106. I heard SGT ▓▓▓▓▓ Meckelburg saying loudly he was going to make sure other offenders had a way to get out of their cells so they could "Shank" Mr. Johnson. SGT Meckelburg told Mr. Johnson that he would have control "Pop" his door so the other offenders could "kill" Mr. Johnson because he should "not have filed a Lawsuit.
I declare under Penalty of Persjury this is True and Correct
                                    Jeb fox -113838 9-7-22

I Jeb Fox (5B106) on 9-3-22 heard SGT. Meckelburg say to Mr. Johnson (5B108) "You will get yours" When Mr. Johnson said he did not wish to speak with SGT. Meckelburg.
I declare under Penalty of Perjury This is True and Correct
                                    Jeb fox -113838 9-7-22

I Jeb Fox (5B106) on 9-4-22 Saw CO Norris standing at The B-Pod door and say to Mr. Johnson (5B108) "Didn't They Kill You Yet" while waving her arms at The cells in the Pod. She Then Laughed and walked away.
I declare under Penalty of Perjury This is True and Correct
                                    Jeb fox -113838 9-7-22
                                    Exhibit
                                    10
29. page 20 of 26                              9/11/23



I Jeb Fox (5B106) on 4-5-22 heard CO Franson Say to Mr.
Johnson (5B108) "Were Just Trying to beat You up" after Mr Johnson
asked Co Franson "Why are all of You Trying to beat up Grant (5B105).
I declare under Penalty of PerJury This is True and Correct.

                                                Jeb Fox-113838  9-7-22

I Jeb Fox (5B106) on 9-6-22 heard CO Franson deny Mr.
Johnson (5B106) a Medical Emergency. I heard Mr. Johnson
Say he was having "Chest Pains" and inJuries reguarding his
inability to walk. I Then heard SGT Culhoun make a
Mocking Sound and Say "Isn't That Just Too bad."
I declare under Penalty of PerJury This is True and Correct

                                                Jeb Fox-113838  9-7-22

I declare under Penalty of PerJury That all of The
Forgoing is True and Correct. Excuted at Sterling, Colorado on
September, 7 2022

                                    Jeb Fox DOC #113838

                                    Jeb Fox-113838

                                    Exhibit
                                    10

                        2¹ page 21 of 26              9/11/23





 

# Kathrina Szymborski

## Appellate Attorney
## Washington, D.C.

✉ kathrina.szymborski@macarthurjustice.org

☎ (518) 926-9355

*Exhibit*
*11*

22. page 22 of 26                                    9/11/23

# AREAS OF FOCUS

ADVOCATING FOR THE [illegible]

[illegible]

[illegible]

Kathrina (Kasia) Szymborski is an Appellate Attorney in the Supreme Court and Appellate Program of the Roderick & Solange MacArthur Justice Center. In this role, she challenges poor medical care, violence, and inhumane conditions in jails, prisons, and immigration detention facilities. Her practice focuses on state courts, which she views as an underutilized and powerful avenue for vindicating the rights of incarcerated people across the country.

Prior to joining the MacArthur Justice Center, Kasia worked at Patterson Belknap Webb & Tyler in New York City, where she managed the firm's pro bono clemency and parole projects and maintained an active pro bono practice focused on prisoners' rights and post-conviction relief. Representative matters include securing multiple sentence commutations from New York Governor Andrew Cuomo for people serving decades-long sentences; convincing a panel of New York appellate judges to reduce a homeless man's four-to-eight-year sentence for using a fake $20 at a McDonald's restaurant; and obtaining reversal by the U.S. Third Circuit Court of Appeals of the dismissal of an incarcerated man's Eighth and Fourteenth Amendment claims arising out of his prolonged solitary confinement.

Kasia graduated from the University of Michigan Law School in 2010. After law school, she clerked for the Honorable Judge Carl E. Stewart of the U.S. Court of Appeals for the Fifth Circuit. She earned her B.A. from Skidmore College and worked as a journalist in Moscow, Russia, before law school.

*Exhibit 11*

# FEATURED CASES

*23. page 23 of 26*          *9/11/23*

**Mays v. Dart**
**Health and Safety**

An emergency class action lawsuit has been filed against Cook County Sheriff Thomas Dart, asking for the immediate release of medically vulnerable people in the Cook County Jail in the midst of the COVID-19 crisis.

# MacArthur Supreme Court Win Highlights Broader Strategy Success

**Bloomberg Law**                                                      April 6, 2022

© 2022 Copyright, reproduced with the MacArthur Justice Center. All rights reserved.

*Exhibit*
*11*

*24. page 24 of 26*        *9/14/23*

Easha Anand - MacArthur Justice





 

# Easha Anand

## Supreme Court & Appellate Counsel
## Washington, D.C.

✉ easha.anand@macarthurjustice.org

📞 (510) 538-1274

*Exhibit 12*

*25. page 25 of 26*          *9/11/23*

# AREAS OF FOCUS

STANDING WITH COMMUNITIES

ADVOCATING FOR THE RIGHTS OF THE INCARCERATED

ENFORCING POLICE AND PROSECUTORIAL ACCOUNTABILITY

A former Supreme Court and court of appeals clerk, Easha Anand litigates police excessive force, criminal defense, habeas, prison conditions, and other civil rights cases around the country. Prior to joining the MacArthur Justice Center, Easha was an attorney in the appellate practice of a large law firm, where she secured a grant of certiorari from the Supreme Court for a victim of a police shooting and argued an en banc Ninth Circuit case that resulted in vacatur of a life without parole sentence imposed on her client for crimes he committed as a juvenile. A graduate of the University of California, Berkeley, School of Law, Easha clerked for Justice Sonia Sotomayor on the United States Supreme Court and Judge Paul J. Watford on the Ninth Circuit Court of Appeals. Before law school, Easha worked as a journalist and as a capital defense investigator.

Easha is based in the San Francisco area and is affiliated with MacArthur's Washington, DC, office.

# FEATURED CASES

### Finch v. Rapp

**Police Abuse**

On December 28, 2017, 28-year-old Andrew Thomas Finch, a father of two, was shot and killed on his front porch by Wichita police. Andrew was unarmed. The police were at his house because of a 911 call that turned out to be a prank. Officer Justin Rapp shot and killed Andrew less than 10 seconds...

26. page 26 of 26

Exhibit
12

9/11/23

Colorado Department of Corrections
Name: Johnson J.
Register Number: 177601
Unit: Cliffdale State Pea
Box Number: 171601
City, State, Zip: Canea City, CO 81215

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 15 2023

MITCHELL R. ELFERS
CLERK

Clerk of the Court
333 Lomas N.W. ste 270
Albuquerque, NM, 87102

